IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VIKRAM YAMBA ) | Criminal Nos. 03-169 and<br>04-329 |

## MEMORANDUM AND ORDER OF COURT

On June 18, 2003, a grand jury returned an indictment against defendant Vikram Yamba at Criminal No. 03-169 charging him with passing counterfeit currency, in violation of 18 U.S.C. §472. Defendant changed his plea to guilty and he was sentenced on July 21, 2004, to a five-year term of probation.

Following defendant's violation of various terms of his probation, this court revoked his probation on February 14, 2005, and sentenced defendant to 10 months imprisonment and 3 years of supervised release under the same conditions that originally applied. Defendant was released from prison on December 8, 2005, and his term of supervision began.

On May 7, 2007, the probation office filed a supervised release petition, alleging that defendant again violated numerous terms of his supervision. Following a hearing held on May 17, 2007, the court revoked defendant's supervised release and sentenced him to a term of 24 months imprisonment to run consecutive to the 18-month term of imprisonment imposed by Judge

Hardiman at Criminal No. 04-329.[1] Following release from imprisonment, defendant was to be placed on supervised release for 12 months upon the same conditions originally imposed by this court.

Defendant began his most recent term of supervised release on November 7, 2011. The probation office filed a petition on January 25, 2012, alleging that defendant violated numerous conditions of his supervised release, including that he shall not commit another federal, state or local crime, he shall not possess a firearm, and other technical violations. See Document No. 138 at Criminal No. 03-169 and Document No. 70 at Criminal No. 04-329. On July 20, 2012, the probation office filed a supplemental supervised release violation petition, alleging that defendant committed other violations of Pennsylvania law. See Document No. 143 at Criminal No. 03-169 and Document No. 75 at Criminal No. 04-329.

A supervised release violation hearing originally was scheduled on August 8, 2012, but was rescheduled numerous times at the parties' request. The hearing eventually was commenced on December 12, 2012, but was continued again because government counsel indicated that he intended to file a supplement alleging

---

1. Following a non-jury trial, defendant was convicted on January 31, 2006, of seven counts of wire fraud at Criminal No. 04-329, a case which at that time was assigned to Judge Hardiman. On April 28, 2006, Judge Hardiman sentenced defendant to 18 months imprisonment at each of the seven counts to be served concurrently and 3 years of supervised release at each count, with said terms to run concurrently. Judge Hardiman granted defendant's motion for bond pending appeal, but this court revoked defendant's bond on May 17, 2007, when it also revoked his supervised release at Criminal No. 03-169.

that defendant had committed additional crimes under Pennsylvania law. By order dated December 13, 2012, the court granted the government's motion to supplement the supervised release violation petitions to include the additional alleged violations of Pennsylvania law outlined in the government's motion. See Document No. 173 at Criminal No. 03-169 and Document No. 104 at Criminal No. 04-329. All of the alleged violations of supervised release will be the subject of a hearing scheduled to continue on January 31, 2013.

In anticipation of the supervised release violation hearing, the government has filed a Motion for Preliminary Ruling as to Maximum Possible Penalty (Document No. 168 at Criminal No. 03-169 and Document No. 99 at Criminal No. 04-329), which is presently before the court. The government notes in its motion that defendant was convicted of seven counts of wire fraud at Criminal No. 04-329, and he is serving a term of supervised release on each of those seven counts. According to the government, "the court has the discretion to order that the terms of imprisonment for the supervised release violations run consecutively for each of the seven counts of conviction, for a total maximum possible term of imprisonment for the supervised release violations of 168 months." The government states that it does not intend to seek a 168-month term of imprisonment, but it intends to argue for more than the 2-year term authorized by statute upon revocation of supervised release for a single count of wire fraud. See 18 U.S.C. §§1343, 3559(a)(3), 3583(e)(3). Thus, the government seeks a ruling that

AO 72
(Rev. 8/82)

the maximum possible penalty associated with defendant's alleged violations is 168 months.

Our appellate court has ruled that we have the authority to impose consecutive prison sentences upon revocation of concurrent terms of supervised release. In United States v. Dees, 467 F.3d 847 (3d Cir. 3006), the defendant was sentenced to a term of 51 months imprisonment and 36 months of supervised release on each of three separate counts of conviction, all to run concurrently. After the defendant committed Grade B violations of his supervised release, the district court revoked supervision and sentenced him to the statutory maximum of two years in prison for each underlying count of conviction, to be served consecutively, so that the defendant was sentenced to a total of 72 months imprisonment. On appeal, the defendant argued that the district court did not have discretion to impose consecutive sentences upon revocation of concurrent terms of supervised release. The Third Circuit disagreed with that argument and held that 18 U.S.C. §3584(a) controls and permits a district court to impose consecutive terms of imprisonment upon revocation of supervised release, even when the sentences for the underlying crimes ran concurrently. Dees, 467 F.3d at 851-52.

Pursuant to the Third Circuit's ruling in Dees, if the court revokes defendant Yamba's supervised release at Criminal No. 04-329, he could be subject to a maximum possible penalty of 168 months imprisonment because defendant was convicted of seven counts of wire fraud and each count is subject to a term of two

years imprisonment upon revocation, which may be imposed to run consecutively.

An appropriate order will follow.

O R D E R

AND NOW, this 7th day of January, 2013, upon consideration of the government's Motion for Preliminary Ruling as to Maximum Possible Penalty (Document No. 168 at Criminal No. 03-169 and Document No. 99 at Criminal No. 04-329) and for the reasons set forth in the memorandum above, IT IS ORDERED that said motion be, and the same hereby is, granted. The maximum possible penalty that may be imposed upon revocation of supervised release at Criminal No. 04-329 is 168 months imprisonment, which consists of 2 years at each of the seven underlying counts of conviction for wire fraud, and said terms may be imposed to run consecutively pursuant to the Third Circuit's decision in United States v. Dees, 467 F.3d 847 (3d Cir. 2006).

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Brendan T. Conway
 Assistant U.S. Attorney

 Adam B. Cogan, Esq.
 One Northgate Square
 Greensburg, PA 15601

 United States Probation